**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE HANOVER INSURANCE COMPANY | CIVIL ACTION |
| Plaintiff, |  |
| v. | No.: 2:26-cv-02357-MEF-JSA |
| THE LAW OFFICES OF MICHAEL K. CHONG, LLC a/k/a LAW OFFICE OF MICHAEL K. CHONG, LLC a/k/a MKC LAW GROUP, LLC |  |
| & |  |
| MICHAEL K. CHONG, ESQUIRE |  |
| Defendants. |  |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO DISMISS COUNT TWO OF DEFENDANTS'**
**COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)**

Plaintiff, The Hanover Insurance Company, by and through their undersigned counsel, hereby submits this Memorandum of Law in support of their Motion to Dismiss Count Two of Defendants' Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, avers as follows:

**I.      PROCEDURAL HISTORY**

Plaintiff, The Hanover Insurance Company, initiated this matter by filing a Complaint on March 6, 2026.  ECF No. 1.  Defendants, The Law Offices of Michael K. Chong, LLC and Michael K. Chong, Esquire ("Defendants"), each waived service of the Complaint with their answers due on May 5, 2026.  ECF Nos. 5 and 6.  On June 8, 2026, the parties stipulated to extend the time for Defendants to answer or otherwise respond to the Complaint.  ECF No. 7.  The Court granted the

1

stipulation and permitted Defendants until June 15, 2026 to respond to the Complaint.  ECF No. 8.  On June 9, 2026, Defendants filed their Answer to Plaintiff's Complaint, along with affirmative defenses and counterclaims.  ECF No. 9.  Plaintiff now timely moves this Honorable Court to dismiss Count Two of Defendants' Counterclaims against it under Fed. R. Civ. P. 12(b)(6) for the reasons set forth herein.

Defendants bring two counterclaims, Count One requesting a declaratory judgment, seeking declaration that section A.4.b does not bar coverage of Defendants and Count Two, alleging that Plaintiff has breached the policy by filing the Complaint.

As explained herein, Count Two of Defendants' counterclaims fails to provide any averment that Plaintiff breached its contract with Defendants or even point to a section of the contract that Plaintiff has breached.  Further, even if Defendants were able to provide an averment which would support a breach of the agreement, Defendants are unable to provide any information which would support damages sustained by Defendants or how their rights have been harmed in the underlying matter.

In the alternative, should the Court not dismiss Count Two in its entirety, Defendants' demand for attorney's fees and costs must be dismissed because it is well-established that attorney's fees and costs are not available for a breach of contract claim. *See In re Estate of Vayada¸*875 A.2d 925, 928 (N.J. 2005).

II.    **STATEMENT OF FACTS**

   **A.  The Parties**

Plaintiff is an insurance company incorporated under the laws of New Hampshire and is authorized to do business in the State of New Jersey., ECF Doc. No. 1 ¶ 2.  Defendants, The Law Offices of Michael K. Chong, LLC, Law Office of Michael K. Chong, LLC a/k/a MKC Law

Group, LLC ("MKC Law Group") and Michael K. Chong, Esquire, operate a law firm in Fort Lee, New Jersey and are both citizens of New Jersey. *See id* at ¶¶ 3 & 4.

**B.  Relevant Background**

Plaintiff issued a professional liability policy to Defendants with a policy period of January 31, 2025 to January 31, 2026. *See id* at ¶ 7. The policy provided coverage for "professional services" subject to the terms, exclusions, conditions, and definitions contained in the policy. *See id* at ¶ 11.

Among the relevant provisions of the policy is the following:

> A. COVERAGE
>
> 1.    Professional Services Coverage
>
>    **We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act**.
>
> ….
>
> 4.    Additional Requirements
>
> The following additional requirements and limitations shall apply to coverage provided under A.1., A.2., and A.3. above:
>
>    a. **The Wrongful Act** and **Professional Services** must have first occurred on or after the applicable **Retroactive Date(s);**
>
>    b. None of **You** had knowledge of facts which could have reasonably caused **You** to foresee a **Claim** or **Supplemental Coverage Matter** or knowledge of any **Claim** or **Supplemental Coverage Matter**, prior to the inception date of this **Policy**; and

3

c. The **Claim** or **Supplemental Coverage Matter** must first be made and reported to **Us** in writing during the **Policy Period** or any **Extended Reporting Period** if applicable.

*See id* at ¶¶ 12 & 13.

On or about April 11, 2025, Highlight Motor Freight Inc., and Highlight Motor Freight, Inc. d/b/a Highlight Motor Group filed *Highlight Motor Freight, Inc., and Highlight Motor Freight, Inc. d/b/a Highlight Motor Group v. Lewis Brisbois Bisgard & Smith, LLP, Colin P. Hackett, Esq., Connelly Foley, LLP, William P. Krauss, Esq., MKC Law Group, LLC, Michael K. Chong, Esq.* in the Superior Court of New Jersey, Law Division, Essex County. *See id* at ¶ 14. In that complaint, is alleged that as a result of the professional negligence of MKC Law Group and Chong, Highlight Motor Freight Inc., and Highlight Motor Freight, Inc. d/b/a Highlight Motor Group were subject to and suffered punitive damages in the New Jersey Lawsuits, asserting professional negligence claims. *See id* at ¶¶ 16 & 21.

Defendants provided timely notice of the underlying action and Plaintiff commenced a prompt investigation. *See id* at ¶¶ 22 & 23. Through its investigation, Plaintiff discovered that the basis of the claims involved failing to timely file motions to dismiss the punitive damages claims and failing to correct an error of entering an appearance for the driver responsible for the accident all of which occurred between October 2022 and October 2023. *See id* at ¶¶ 25 – 27. Plaintiff retained Jason Feinstein, Esquire of Eckert Seamans Cherin & Merlott, LLC to defend Defendants. *See id* at ¶ 32. Through additional investigation by Mr. Feinstein, Plaintiff discovered that as early as October 2023 but no later than November 5, 2023, when Defendants filed an Amended Notice of Appearance in the underlying claim, Defendants could reasonably foresee the allegations brought against them in the underlying action. *See id* at ¶ 34.

Despite filing the present action, Defendants continue to be represented by Mr. Feinstein and Plaintiff continues to defend Defendants pending the outcome of the present action.

### III.    LEGAL ARGUMENT

#### A.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In ruling on a motion to dismiss, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d. Cir. 2013)).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as any undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Likewise, "[a]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(6)  motion to dismiss for lack of [personal] jurisdiction." *Patterson by Patterson v. F.B.I.,* 893 F.2d 595, 604 (3rd Cir. 1990).

5

**B. Plaintiff Has Not Breached Its Contract with Defendants and Defendants Have Suffered No Damages as a Result of the Instant Action**

Defendants assert a breach of contract claim in Count Two of their counterclaim. Alleging that Plaintiff breached its contract with Defendants by filing the current action and denying Defendants an unconditional defense. As set forth below, Count Two must be dismissed.

Under New Jersey Law, a valid contract requires offer, acceptance, consideration, and sufficiently definite terms such that performance by each party can be ascertained with reasonable certainty. *See Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021). To establish a claim for breach of contract, a plaintiff must provide proof of "a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and a breach causing the claimant to sustain[] damages. " *Nelson v. Elizabeth Bd. of Educ.*, 246 A.3d 802, 812 (N.J. Super. App. Div. 2021). The Third Circuit has also held that in order to allege a claim for damages under contract law, there must be a breach and a causal relationship between the breach and the alleged damages. *See Sheet Metal Workers Int'l Ass'n Local Union No. 27 v. E.P. Donnelly, Inc.,* 737 F.3d 879, 900 (3d Cir. 2013).

Here, Count Two fails because it does not identify any contractual provisions that Plaintiff allegedly breached. Defendants cannot identify provision that Plaintiff allegedly breached because none exist. In fact, the opposite is true, as there are explicit requirements and limitations in the contract which limit Plaintiff's duty to defend Defendants. *See* ECF Doc. No. 1 ¶ 13; *see also* ECF Doc. No. 1, Ex. A, p. 2. Simply as a matter of law, an insurer does not breach its policy by seeking a judicial determination of its obligations while continuing to provide a defense. *See Erie Ins. Exch. v. V.I. Enters.,* 264 F. Supp. 2d 261, 263 (D.V.I. 2003)(citing *Aetna Casualty & Sur. Co. v. Chicago Ins. Co.*,994 F.2d 1254, 1259 (7th Cir. 1993)); *see also Passaic Valley Sewerage Com'rs*

*v. St. Paul Fire and Marine Ins. Co.*, 21 A. 3d 1151, 1162 (N.J. 2011)("By reserving rights and providing defense costs on covered claims, an insurer fulfills its defense obligations.").

Further, even if Defendants could point to a specific requirement in the contract, Defendants also fail to plead any cognizable damages. Defendants allege no specific damages that they have incurred nor have they alleged a loss as a result of the instant action being filed, which is, under the law within Plaintiff's right to do so. Defendants are still represented by Mr. Feinstein in the underlying claim and Plaintiff continues to defend Defendants pending the outcome of the instant action.

Count Two fails as a matter of law because it does not identify any contractual provision breached and does not allege cognizable damages. Thus, Count Two of Defendants' counterclaims fails to state a claim upon which relief can be granted and must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court dismiss Count Two of Defendants' Counterclaims, with prejudice.  In the alternative, should Count Two of Defendants' counterclaims not be dismissed with prejudice, Plaintiff requests that Defendants requests for attorneys' fees and costs be stricken.

Respectfully submitted,

**WARD LAW, LLC**

Date: June 26, 2026                          By:    *Robert H. Graff*
                                                                Robert H. Graff, Esq.
                                                                1617 JFK Blvd., Suite 500
                                                                Philadelphia, PA 19103
                                                                Phone: (215) 647-6600
                                                                rgraff@thewardlaw.com
                                                                *Attorney for Plaintiff*

7