Eugene Killian, Jr., Esq. (Bar No. 00208 1990)
Dimitri Teresh, Esq. (Bar No. 90325 2012)
**THE KILLIAN FIRM, P.C.**
107 Tindall Road
Tindall Executive Centers
Middletown, NJ 07748
Ph: 732-912-2100
ekillian@tkfpc.com
dteresh@tkfpc.com
*Attorneys for Defendants and Counterclaim-Plaintiffs,*
*Michael K. Chong, Esq. and The Law Offices of Michael K. Chong, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | NO. 2:26-cv-02357-MEF-JSA |
| THE LAW OFFICES OF MICHAEL K. CHONG, LLC a/k/a LAW OFFICE OF MICHAEL K. CHONG, LLC a/k/a MKC LAW GROUP, LLC; and MICHAEL K. CHONG, ESQUIRE, | **AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANTS** |
| *Defendants.* | |

Defendants, MICHAEL K. CHONG, ESQ. and THE LAW OFFICES OF MICHAEL K. CHONG, LLC, by and through their attorneys, The Killian Firm, P.C., and pursuant to Fed. R. Civ. P. 15(a)(1)(B), hereby amend their Answer, Affirmative Defenses, and Counterclaim, answer the Complaint of Plaintiff The Hanover Insurance Company as follows, and assert the following Affirmative Defenses and Counterclaim:

## ANSWER
### INTRODUCTION

1.  Defendants admit only that Plaintiff purports to seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants deny that Plaintiff is entitled to the relief sought. Defendants deny any remaining allegations contained in Paragraph 1 of the Complaint.

## THE PARTIES, JURISDICTION, AND VENUE

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny the same and leave Plaintiff to its proofs.

3.      Admitted.

4.      Admitted.

5.      Defendants admit only that this Court has subject-matter jurisdiction over this declaratory-judgment action pursuant to 28 U.S.C. § 1332. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Admitted that venue is proper in this District. Defendants deny the remaining characterizations contained in Paragraph 6 of the Complaint.[1]

## RELEVANT BACKGROUND AND FACTS

7.      Defendants admit only that Plaintiff issued a Lawyers Professional Liability Policy to Law Office of Michael K. Chong, LLC bearing the policy number identified in Paragraph 7, and that the policy is attached to the Complaint as Exhibit A. The policy is a writing that speaks for itself; Plaintiff's characterization of the policy period is denied to the extent inconsistent with the policy declarations, which Defendants understand to reflect a policy period of January 31, 2025 to January 31, 2026 (and not January 31, 2025 to January 1, 2026 as alleged). Defendants deny any remaining allegations contained in Paragraph 7.[2]

8.      Admitted that the subject policy was delivered to the Law Offices of Michael K. Chong, LLC. Defendants deny the address as stated to the extent it is inconsistent with the firm's current address of record; Defendants further state that the policy is a writing that speaks for itself.

9.      Admitted on information and belief.

---

[1]Plaintiff's Complaint cites 28 U.S.C. §1391(a)(2). Venue in a civil action is now governed by 28 U.S.C. §1391(b). Defendants admit venue is proper in this District; the citation is noted only for completeness of the record.

[2]Plaintiff's Complaint states the policy period as "January 31, 2025 to January 1, 2026." Plaintiff's own reservation-of-rights letter dated November 20, 2025 (attached to the Complaint as Exhibit C) reflects a policy period of "January 31, 2025, to January 31, 2026." Defendants understand the policy period stated in Paragraph 7 to be a typographical error; the Defendants reserve all rights with respect to the actual policy period as set forth in the policy declarations.

**RELEVANT TERMS OF THE SUBJECT HANOVER POLICY**

10. Admitted that the subject policy reflects the limits as stated. The policy is a writing that speaks for itself.

11. Admitted that the subject policy provides coverage for "professional services" subject to the policy's terms, conditions, exclusions, and definitions. The policy is a writing that speaks for itself; Defendants deny any characterization inconsistent with the policy.

12. Admitted only that the quoted policy language appears in Section A.1 of the policy. The policy is a writing that speaks for itself; Defendants deny any characterization inconsistent with the policy and deny that the quoted language has the legal effect Plaintiff ascribes to it.

13. Admitted only that the quoted policy language appears in Section A.4 of the policy. The policy is a writing that speaks for itself; Defendants deny any characterization inconsistent with the policy and deny that the quoted language has the legal effect Plaintiff ascribes to it.

**THE UNDERLYING ACTION**

14. Admitted on information and belief that an action captioned *Highlight Motor Freight, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, et al.* was filed in the Superior Court of New Jersey, Law Division, Essex County. The pleading is a writing that speaks for itself; Defendants deny any characterization inconsistent with the pleading.

15. Admitted on information and belief that a First Amended Complaint was filed in the underlying action on or about the date alleged, a copy of which is attached to the Complaint as Exhibit B. The pleading is a writing that speaks for itself; Defendants deny any characterization inconsistent with the pleading.

16. Denied. The allegations of Paragraph 16 of the Complaint purport to characterize the underlying complaint, which is a writing that speaks for itself. Defendants further deny any imputation of liability, professional negligence, or wrongdoing.

17. Admitted only that the Third Count of the First Amended Complaint in the underlying action is captioned as a count for professional negligence against MKC Law Group and Mr. Chong. The pleading is a writing that speaks for itself; Defendants deny the allegations

of professional negligence and deny any remaining characterizations contained in Paragraph 17.

18. Admitted only that the Third Count of the First Amended Complaint seeks pecuniary damages. The pleading is a writing that speaks for itself; Defendants deny any remaining characterizations contained in Paragraph 18.

19. Admitted only that the Fourth Count of the First Amended Complaint is captioned as a count for breach of fiduciary duty against all defendants in the underlying action, including MKC Law Group and Mr. Chong. The pleading is a writing that speaks for itself; Defendants deny the allegations of breach of fiduciary duty and deny any remaining characterizations contained in Paragraph 19.

20. Admitted only that the Fourth Count of the First Amended Complaint seeks pecuniary damages. The pleading is a writing that speaks for itself; Defendants deny any remaining characterizations contained in Paragraph 20.

21. Denied. Defendants specifically deny that the underlying claims arise out of any professional negligence or breach of fiduciary duty by MKC Law Group or Mr. Chong, and further deny any implied admission of liability.

### HANOVER'S RESERVATION OF RIGHTS

22. Admitted that Plaintiff received written notice of the underlying action on or about June 3, 2025. Defendants deny any remaining characterizations contained in Paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the timing, scope, or content of Plaintiff's internal investigation. Defendants therefore deny the allegations of Paragraph 23 and leave Plaintiff to its proofs.

24. Admitted only that Mr. Chong was retained by Highlight Motor Freight, Inc. and HMFI d/b/a Highlight Motor Group for the limited purpose of obtaining dismissal of the punitive-damages claims asserted against those parties. Defendants deny the remaining characterizations contained in Paragraph 24.

25. Admitted only that Mr. Chong was engaged for the limited purpose described in the response to Paragraph 24. Defendants deny that Mr. Chong was retained in October 2022, and admit only that that his Notice of Appearance in the underlying *Fiore* and *Holdzkom*

actions was filed on October 28, 2022. Defendants deny the remaining characterizations contained in Paragraph 25.

26. Denied. Defendants specifically deny that they failed to timely file motions to dismiss the punitive-damages claims and deny that they failed to correct any error of appearance, and Defendants further deny any imputation of professional negligence or wrongdoing. By way of further answer, Defendants state that no motion was filed out of time, and that the inclusion of the driver responsible for the accident in the initial Notice of Appearance was an inadvertent clerical error that was promptly corrected; Mr. Chong's subsequent filings and correspondence in the underlying state-court actions made clear that he did not represent that driver, and all counsel in those actions were so aware.

27. Admitted only that the trial of the *Fiore* matter, MON-L-2642-18, was held on or about October 2023. Defendants deny the remaining characterizations contained in Paragraph 27.

28. Admitted only that Plaintiff sent a letter to Defendants dated November 20, 2025, via electronic mail and certified mail. The letter is a writing that speaks for itself; Defendants deny any characterization inconsistent with the letter.

29. Admitted only that the November 20, 2025 letter purported to provide a defense subject to a reservation of rights. The letter is a writing that speaks for itself; Defendants deny any characterization inconsistent with the letter and deny that the reservation of rights asserted therein is valid or enforceable.

30. Admitted only that the November 20, 2025 letter discusses Section A.1 and the additional requirements set forth in Section A.4 of the policy. The letter is a writing that speaks for itself; Defendants deny any characterization inconsistent with the letter and deny that the policy provisions discussed therein bar coverage.

31. Admitted only that the November 20, 2025 letter contains the language quoted in Paragraph 31. The letter is a writing that speaks for itself; Defendants deny Plaintiff's characterization of that language as "plain English" or as having the legal effect Plaintiff ascribes to it; Defendants further deny that the quoted language is consistent with New Jersey law governing the construction of professional-liability claims-made-and-reported policies.

32. Admitted on information and belief that Plaintiff retained Jason S. Feinstein, Esq. of Eckert Seamans Cherin & Mellott, LLC to defend Defendants in the underlying action subject to the reservation of rights asserted in the November 20, 2025 letter.

33. Admitted only that the November 20, 2025 letter purports to reserve various rights, including the asserted right to deny coverage, withdraw defense, file a declaratory-judgment action, and seek reimbursement. The letter is a writing that speaks for itself; Defendants deny that any such reservation is valid or enforceable, and Defendants specifically deny that Plaintiff is entitled to any of the relief reserved for itself in the letter.

34. Denied. Defendants specifically deny that they could reasonably have foreseen the allegations brought against them in the underlying action by November 5, 2023 or at any time prior to the inception date of the subject policy. Defendants further deny that the filing of an Amended Notice of Appearance in the underlying state-court actions had any of the legal or factual significance that Plaintiff ascribes to it. By way of further answer, Defendants state that the Amended Notice of Appearance was filed solely to correct the inadvertent clerical error in the initial Notice of Appearance described above, and that at no time prior to the inception date of the subject policy did Mr. Chong possess any actual, subjective knowledge or belief that a malpractice claim against him was likely; to the contrary, Mr. Chong maintained a productive professional relationship with his client throughout the relevant period, and Defendants are aware of no communication between October 2023 and January 31, 2025 indicating that any such claim was foreseeable.

35. Denied. Defendants specifically deny that they were aware of the claims brought against them in the underlying action more than a year prior to the effective date of the subject policy or at any time prior to the inception date of the subject policy.

36. Denied. Plaintiff has an adequate remedy at law by way of compliance with the terms of the subject policy and applicable New Jersey law.

## COUNT I FOR A DECLARATORY JUDGMENT

37. Defendants repeat and reincorporate by reference their responses to each and every preceding paragraph of this Answer as though set forth fully herein.

38. Denied. Defendants specifically deny that Plaintiff is entitled to any of the declaratory relief requested in sub-paragraphs (a), (b), or (c) of Paragraph 38. Defendants further deny each of the sub-paragraphs as follows: (a) Denied; (b) Denied; and (c) Denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The Complaint is barred by reason of the Statute of Limitations, Statute of Repose, and/or other applicable rules, statutes or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by virtue of the Doctrines of Estoppel, Laches, Waiver, Accord and Satisfaction and/or the Unclean Hands.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants, at all times relevant hereto, acted reasonably and in good faith, and with due care for the rights and property of the parties to this litigation.

**FIFTH AFFIRMATIVE DEFENSE**

The matters alleged in the Complaint were not caused by any act or omission of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants owed no duty to Plaintiff except as expressly set forth in the subject policy, and Defendants have at all times complied with the terms and conditions of the policy applicable to them.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants did not breach any duty owed to Plaintiff under the subject policy, at common law, or otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

The claim asserted in the underlying action was not reasonably foreseeable to Defendants at or before the inception date of the subject policy, and Defendants did not know or believe at any

time prior to the inception date that a malpractice claim against them was likely to be made. See *Liebling v. Garden State Indem. Co.*, 337 N.J. Super. 447, 462 (App. Div. 2001).

**NINTH AFFIRMATIVE DEFENSE**

Defendants owed no express or implied contractual obligation or duty to Plaintiff outside the four corners of the subject policy.

**TENTH AFFIRMATIVE DEFENSE**

Defendants did not breach any express or implied obligation under the subject policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants made no misrepresentation or omission in the application for the subject policy, and Plaintiff cannot establish any of the elements of equitable fraud or material misrepresentation under New Jersey law. See *Liebling,* 337 N.J. Super. at 459.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants, at all times relevant hereto, complied with all applicable laws, regulations, and standards, and with the terms and conditions of the subject policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to join all necessary and proper parties, including, without limitation, its broker of record Brown & Brown Insurance Services, Inc., requiring a dismissal of the within action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred or limited because the underlying Claim is covered under the express terms of the subject policy. The Claim was both first made against Defendants and reported to Plaintiff during the January 31, 2025 to January 31, 2026 policy period and is covered under Section A.1 (Professional Services Coverage).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Section A.4.b of the subject policy is ambiguous insofar as it conditions coverage on the absence of "knowledge of facts which could have reasonably caused [Defendants] to foresee a Claim" prior to inception. Under New Jersey law, ambiguous policy language must be construed

against the insurer and in favor of coverage. <u>See</u> *Doto v. Russo,* 140 N.J. 544, 556 (1995); *Sears Mortg. Corp. v. Rose,* 134 N.J. 326, 347 (1993).

**SIXTEENTH AFFIRMATIVE DEFENSE**

No actual "Claim" as defined by the subject policy was made against Defendants prior to the inception date of the subject policy on January 31, 2025. The underlying action was first filed against Defendants on April 11, 2025, more than two months after policy inception.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's coverage position is barred by the reasonable-expectations doctrine and is inconsistent with the objectively reasonable expectations of the insured under New Jersey law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has breached, or threatens to breach, its implied covenant of good faith and fair dealing under New Jersey law, including by filing the present declaratory-judgment action against its own insureds on a coverage position that is not fairly debatable.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from disclaiming coverage, and has waived any defenses to coverage, by reason of its underwriting decisions, renewal practices, and conduct at and around the inception of the subject policy on January 31, 2025, and by its acceptance of premium with knowledge of (or with access to facts concerning) Mr. Chong's representation of Highlight Motor Freight, Inc. in the underlying state-court actions.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks to disclaim coverage on the basis of any alleged late notice, such defense fails because Plaintiff received timely notice of the underlying Claim within the 2025-2026 policy period and any alleged late notice did not cause Plaintiff appreciable prejudice.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff bears the burden of proof on each of its asserted coverage defenses, and Plaintiff cannot satisfy that burden on the facts of this matter.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants adopt and incorporate by reference any defenses pled or otherwise asserted by any party to this litigation and further reserve the right to amend this Answer to assert additional affirmative defenses and objections as a continuing investigation or discovery may warrant.

## COUNTERCLAIM

Counterclaim-Plaintiffs, Michael K. Chong, Esq. and The Law Offices of Michael K. Chong, LLC (collectively, the "Insureds"), by way of Counterclaim against Counterclaim-Defendant The Hanover Insurance Company ("Hanover"), allege as follows:

1. The Insureds repeat and reincorporate by reference each of the foregoing paragraphs of their Answer as though set forth fully herein.

2. Hanover issued the subject Lawyers Professional Liability Policy, Policy No. LHN-J950756, to Law Office of Michael K. Chong, LLC for the policy period of January 31, 2025 to January 31, 2026 (the "Policy").

3. The Policy is a claims-made-and-reported professional-liability policy with per-claim limits of $1,000,000 and aggregate limits of $2,000,000.

4. Highlight Motor Freight, Inc. and HMFI d/b/a Highlight Motor Group (collectively, "HMFI") filed a legal-malpractice action against the Insureds on or about April 11, 2025, in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-2870-25 (the "Underlying Action"), and filed a First Amended Complaint on April 21, 2025.

5. The Underlying Action constitutes a "Claim" as defined by the Policy and was first made against the Insureds, and reported to Hanover, during the January 31, 2025 to January 31, 2026 policy period.

6. The Insureds did not have actual, subjective knowledge of any facts at any time prior to January 31, 2025 that could reasonably have caused them to foresee the Claim asserted by HMFI in the Underlying Action.

7. Hanover received written notice of the Underlying Action on or about June 3, 2025 and undertook to investigate the matter.

8. By letter dated November 20, 2025, Hanover purported to provide the Insureds with a defense of the Underlying Action subject to a complete reservation of rights, and retained

Jason S. Feinstein, Esq. of Eckert Seamans Cherin & Mellott, LLC to defend the Insureds in the Underlying Action.

9. Hanover's reservation of rights and the present declaratory-judgment action are predicated on a misapplication of Section A.4.b of the Policy and on an incorrect characterization of the Insureds' actual, subjective knowledge prior to January 31, 2025.

10. The Insureds are entitled to a full and unconditional defense of the Underlying Action and, if any covered loss is established, to indemnity within the limits of the Policy.

11. An actual, justiciable controversy exists between the Insureds and Hanover concerning their respective rights and obligations under the Policy with respect to the Underlying Action.

## COUNT ONE — DECLARATORY JUDGMENT

### *(28 U.S.C. §§ 2201, 2202)*

12. The Insureds repeat and reincorporate by reference each of the foregoing paragraphs of this Counterclaim as though set forth fully herein.

13. The Insureds seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Hanover has a duty to defend the Insureds in the Underlying Action and is obligated to indemnify the Insureds within the limits of the Policy for any covered loss arising out of the Underlying Action.

14. The Insureds further seek a declaration that Section A.4.b of the Policy does not bar coverage and that the Insureds did not have any "knowledge of facts which could have reasonably caused [them] to foresee a Claim" prior to the inception date of the Policy within the meaning of Section A.4.b.

15. The Insureds further seek a declaration that no other policy term, condition, exclusion, or definition operates to bar coverage for the Underlying Action.

## COUNT TWO — BREACH OF CONTRACT

16. The Insureds repeat and reincorporate by reference each of the foregoing paragraphs of this Counterclaim as though set forth fully herein.

17. The Policy is a valid and enforceable contract of insurance between Hanover and the Insureds, supported by consideration, including the Insureds' payment of premium.

18.     Under Section A.1 of the Policy, Hanover is obligated to pay on the Insureds' behalf those sums the Insureds become legally obligated to pay as Damages because of a Claim for a Wrongful Act, and to provide the Insureds with a defense of any such Claim.

19.     The Underlying Action is a Claim for a Wrongful Act that was first made against the Insureds, and reported to Hanover, during the Policy period, and no term, condition, exclusion, or definition of the Policy, including Section A.4.b, operates to bar coverage for the Underlying Action.

20.     The Insureds have performed all conditions and obligations required of them under the Policy, including payment of premium and provision of timely written notice of the Underlying Action.

21.     Hanover has materially breached the Policy by asserting, and continuing to assert, a coverage position that misapplies Section A.4.b and is contrary to the terms of the Policy and to New Jersey law, and by refusing to afford the Insureds the unconditional defense and indemnity to which they are entitled, electing instead to defend the Underlying Action only under a full reservation of rights that purports to preserve Hanover's asserted right to disclaim coverage and to seek recoupment of defense costs from the Insureds.

22.     Hanover's coverage position and reservation of rights constitute a present and anticipatory breach and repudiation of Hanover's defense and indemnity obligations under the Policy with respect to any covered loss arising out of the Underlying Action.

23.     As a direct and proximate result of Hanover's breaches, the Insureds have sustained, and will continue to sustain, damages, including, without limitation: (a) attorneys' fees and costs incurred, and to be incurred, to establish their right to coverage and to respond to Hanover's coverage position; (b) exposure to personal liability for any judgment or settlement in the Underlying Action should Hanover wrongfully disclaim its indemnity obligation; (c) exposure to Hanover's asserted claim to recoup defense costs already advanced; and (d) impairment of the Insureds' ability to resolve the Underlying Action by reason of the cloud that Hanover's coverage position has placed upon coverage. At a minimum, the Insureds are entitled to nominal damages arising from Hanover's breach.

24.     Hanover has further breached the implied covenant of good faith and fair dealing inherent in the Policy by advancing a coverage position not fairly supported by the Policy or the facts, thereby depriving the Insureds of the benefit of their bargain.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim-Plaintiffs Michael K. Chong, Esq. and The Law Offices of Michael K. Chong, LLC respectfully request that this Court enter judgment in their favor and against Plaintiff and Counterclaim-Defendant The Hanover Insurance Company as follows:

   a. Dismissing the Complaint in its entirety, with prejudice;

   b. Declaring that Hanover has a duty to defend the Insureds in the Underlying Action;

   c. Declaring that Hanover is obligated to indemnify the Insureds within the limits of the Policy for any covered loss arising out of the Underlying Action;

   d. Awarding the Insureds compensatory damages, including attorneys' fees and costs incurred as a result of Hanover's breaches of contract and of the implied covenant of good faith and fair dealing;

   e. Awarding the Insureds their attorneys' fees and costs incurred in prosecuting this declaratory-judgment action pursuant to N.J. Ct. R. 4:42-9(a)(6), Fed. R. Civ. P. 54(d)(2), and applicable New Jersey law;

   f. Awarding pre- and post-judgment interest as allowed by law; and

   g. Granting such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Defendants and Counterclaim-Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is also the subject of the following action: *Highlight Motor Freight, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, et al.*, Docket No. ESX-L-2870-25 (Superior Court of New Jersey, Law Division, Essex County), which is the underlying action giving rise to the coverage dispute. The

undersigned is unaware of any other pending action or arbitration arising out of the same transaction or occurrence.

## CERTIFICATION OF ATTORNEY

I hereby certify that to the best of my knowledge, information and belief, the within Amended Answer, Affirmative Defenses, and Counterclaim is not interposed for any improper purpose, is supported by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, and is otherwise filed in compliance with Fed. R. Civ. P. 11. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 8, 2026

**THE KILLIAN FIRM, P.C.**
*Attorneys for Defendants and Counterclaim-Plaintiffs, Michael K. Chong, Esq. and The Law Offices of Michael K. Chong, LLC*

By:     */s/ Dimitri Teresh_____*

Dimitri Teresh, Esq.
dteresh@tkfpc.com
Ph: (848) 837-5023