**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>THE LAW OFFICES OF MICHAEL K.<br>CHONG, LLC a/k/a LAW OFFICE OF<br>MICHAEL K. CHONG, LLC a/k/a MKC LAW<br>GROUP, LLC; and MICHAEL K. CHONG,<br>ESQUIRE,<br><br>      Defendants. | Civil Action No. 2:26-cv-02357-MEF-JSA<br><br>Hon. Jessica S. Allen, U.S.M.J. |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, by their undersigned counsel, having conferred pursuant to Fed. R. Civ. P. 26(f) on June 16, 2026, jointly submit the following proposed discovery plan:

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    **For Plaintiff / Counterclaim-Defendant The Hanover Insurance Company:**

    Robert H. Graff, Esq. (Attorney ID No. 304692019)
    Ward Law, LLC
    One Penn Center, 1617 John F. Kennedy Boulevard, Suite 500
    Philadelphia, PA 19103
    Tel: (267) 947-9958 | Fax: (267) 350-6921 | rgraff@thewardlaw.com

    **For Defendants / Counterclaim-Plaintiffs The Law Offices of Michael K. Chong, LLC (a/k/a Law Office of Michael K. Chong, LLC a/k/a MKC Law Group, LLC) and Michael K. Chong, Esq.:**

    Eugene Killian, Jr., Esq. (Bar No. 002081990)
    Dimitri Teresh, Esq. (Bar No. 903252012)
    The Killian Firm, P.C.
    107 Tindall Road, Tindall Executive Centers
    Middletown, NJ 07748
    Tel: (732) 912-2100 | ekillian@tkfpc.com | dteresh@tkfpc.com

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

    This is a declaratory-judgment action concerning insurance coverage. Plaintiff The Hanover Insurance Company ("Hanover") issued Lawyers Professional Liability Policy No. LHN-J950756 (the "Policy") to Defendants. By its Complaint, Hanover seeks a declaration that it owes no duty to defend or indemnify Defendants in connection with an

1

underlying legal-malpractice action captioned *Highlight Motor Freight, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, et al.*, Docket No. ESX-L-2870-25 (Sup. Ct. N.J., Law Div., Essex County) (the "Underlying Action"). Hanover contends that coverage is barred by the Policy's prior-knowledge provision (Section A.4.b), asserting that Mr. Chong had knowledge of facts that could have reasonably caused Mr. Chong to foresee that a claim could be made before the Policy's inception.

Defendants deny that the exclusion applies and assert, among other defenses, that the "reasonably could have foreseen" standard is subjective and is not satisfied on these facts, that the operative Policy language is ambiguous and must be construed in favor of coverage, and that Hanover is estopped from, and has waived, any disclaimer of coverage. Defendants have asserted a two-count Counterclaim: Count One seeks a declaratory judgment that Hanover owes a defense and indemnity under the Policy, and Count Two alleges breach of contract. Hanover moved to dismiss Count Two of Defendants' original Counterclaim; that motion was dismissed as moot upon the filing of Defendants' Amended Answer and Counterclaim, and Hanover filed its Answer to the Amended Counterclaim on July 28, 2026. The pleadings are now closed.

3. Have settlement discussions taken place?  Yes _____  No  X .

What was plaintiff's last demand?  Monetary demand: $ None.  Non-monetary demand: None.

What was defendant's last offer?  Monetary offer: $ None.  Non-monetary offer: None.

No settlement discussions have taken place to date.

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

The parties have not yet exchanged initial disclosures. The parties will exchange Rule 26(a)(1) initial disclosures on the schedule set forth in Item 9(c)(1) below (by August 24, 2026).

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

None at this time.

7. The parties **have not** filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties **have not** conducted discovery other than the above disclosures.

9. Proposed discovery plan:

**(a) Discovery is needed on the following subjects:**

(i) the Policy, including its terms, conditions, exclusions, application, and underwriting; (ii) the parties' coverage correspondence and Hanover's claim handling and coverage determination; and (iii) the pleadings, file materials, and Defendants' notes and communications relating to the Underlying Action, including the timing and substance of what Mr. Chong knew or reasonably could have foreseen regarding a potential claim.

Because certain of these materials are confidential, the parties will enter into a Discovery Confidentiality Order (see Item 12 and Item 9(c)(12) below).

**(b) Discovery should not be conducted in phases or be limited to particular issues.**

This is a single-policy coverage dispute that the parties propose to litigate on the unified schedule set forth in subsection (c). The pleadings are now closed and no motion directed to the pleadings is pending; the parties are prepared to proceed on the schedule set forth below.

**(c) Proposed schedule:**

(1) Service of Fed. R. Civ. P. 26 initial disclosures by **August 24, 2026**.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) to be held by **September 8, 2026**.

(3) Service of initial written discovery requests by **September 15, 2026**.

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 5 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by **November 16, 2026**.

(7) Factual discovery to be completed by **January 22, 2027**.

(8) Plaintiff's expert report due on: **February 26, 2027**.

(9) Defendant's expert report due on: **April 9, 2027**.

(10) Expert discovery, including all expert depositions, to be completed by: Not applicable — no expert discovery anticipated.

(11) Dispositive motions to be served within 90 days of completion of discovery.

(12) Set forth any special discovery mechanism or procedure requested: The parties will submit a proposed Discovery Confidentiality Order pursuant to L. Civ. R. 5.3(b) and Appendix S.

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes _____   No  X .

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?  Yes _____   No  X .

The parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information. Any such information will be produced in a reasonably usable form, subject to the Discovery Confidentiality Order.

12. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.

Yes. The parties anticipate entry of a Discovery Confidentiality Order and will submit a proposed form to the Court pursuant to L. Civ. R. 5.3(b) and Appendix S.

13. Do you anticipate any discovery problem(s) not listed above?  Yes _____   No  X .

**14.** State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time.

> This case is not appropriate for voluntary arbitration. The parties believe the matter may be appropriate for mediation, likely after completion of fact discovery.

**15.** Is this case appropriate for bifurcation?  Yes _____   No  X .

**16.** An interim status/settlement conference (with clients in attendance) should be held in _____.

**17.** We [ do / do not ] consent to the trial being conducted by a Magistrate Judge.

**18.** Identify any other issues to address at the Rule 16 Scheduling Conference.

> The pleadings are now closed. Defendants have demanded a trial by jury. The parties are prepared to proceed with discovery on the schedule proposed above and, at this time, have no other issues to raise.

So agreed by counsel:

By: */s/ Robert H. Graff Esq.*
**Robert H. Graff, Esq.**
Ward Law, LLC
*Attorneys for Plaintiff / Counterclaim-Defendant*
*The Hanover Insurance Company*
Dated: August 5, 2026

By: */s/ Dimitri Teresh, Esq.*
**Dimitri Teresh, Esq.**
The Killian Firm, P.C.
Attorneys for Defendants / Counterclaim-Plaintiffs
*Michael K. Chong, Esq. and The Law Offices of*
*Michael K. Chong, LLC*
Dated:  August 5, 2026